UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

Shirley Fadden, et al.,

        Plaintiffs,

    v.

PNC Mortgage, et al. ,

        Defendants.

Civil Action No. 3:13-cv-00731-REP

**DEFENDANT PNC MORTGAGE'S
MOTION TO TRANSFER VENUE**

COMES NOW, Defendant, PNC Mortgage ("PNC"), by and through counsel, pursuant to 28 U.S.C. § 1404(a) and moves that this Court transfer this case from the United States District Court for the Eastern District of Virginia, Richmond Division to the United States District Court for the Eastern District of Virginia, Alexandria Division for convenience of the parties and witnesses and in the interests of justice.

Defendant PNC's motion should be granted for the reasons set forth in Defendant PNC Mortgage's Brief in Support of its Motion to Transfer Venue ("Brief"), the declaration of Constantinos G. Panagopoulos, the pleadings and other documents on file in this action, any further evidence and oral argument that may come before this Court, and for such other reasons as this Court may find.

WHEREFORE, PNC Mortgage respectfully requests that its motion be GRANTED.

Respectfully submitted,

*/s/* Constantinos G. Panagopoulos

Constantinos G. Panagopoulos
cgp@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC  20006-1157
Telephone: 202.661.2200
Facsimile: 202.661.2299

Date:   January 8, 2014          *Attorneys for Defendant, PNC Mortgage*


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of January, 2014 that I filed the foregoing Defendant PNC Mortgage's Motion to Transfer Venue using this Court's E-filing system which served a copy on all parties or their counsel of record.


/s/ Constantinos G.Panagopoulos
Constantinos G. Panagopoulos

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

Shirley Fadden, et al.,

               Plaintiffs,

      v.

PNC Mortgage, et al. ,

               Defendants.

Civil Action No. 3:13-cv-00731-REP

## ORDER GRANTING PNC MORTGAGE'S
## MOTION TO TRANSFER VENUE

Upon consideration of Defendant PNC's Mortgage's ("PNC") Motion to Transfer Venue, Defendant PNC Mortgage's Brief in Support of its Motion to Transfer Venue ("Brief"), the declaration of Constantinos G. Panagopoulos, the pleadings and other documents on file in this action, and the oral arguments of the parties, this Court finds that:

The instant action could have been brought by Plaintiffs in the United States District Court for the Eastern District of Virginia, Alexandria Division; and

The instant action should be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division for the convenience of the parties and witnesses and in the interests of justice.

WHEREFORE, this Court hereby ORDERS that PNC's Motion to Transfer Venue in the instant action is GRANTED.

Signed,

Dated: _____

_____
Robert E. Payne
Senior Judge

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Shirley Fadden, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 3:13-cv-00731-REP |
| PNC Mortgage, et al. , | |
| Defendants. | |

### DEFENDANT PNC MORTGAGE'S BRIEF IN SUPPORT ITS MOTION TO TRANSFER VENUE

———

Constantinos G. Panagopoulos
cgp@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
Telephone: 202.661.2200
Facsimile: 202.661.2299

*Attorneys for Defendant, PNC Mortgage*

i

TABLE OF CONTENTS

I.  INTRODUCTION ....................................................................................... 1

II.  FACTUAL BACKGROUND ....................................................................... 1

    A.  Parties ............................................................................................ 1

    B.  Background .................................................................................... 1

III.  ARGUMENT ............................................................................................. 2

    A.  The Two-Part Test for Section 1404(a) Motions to Transfer ................ 2

    B.  This Case "Might Have Been Brought" in Either Division ................... 3

    C.  "For the Convenience of the Parties and Witnesses, in the Interest of
       Justice." ......................................................................................... 3

    D.  Factors That Weigh in Favor of Transfer ......................................... 4

        1.  Operative Facts Took Place in Fairfax County ........................... 4

        2.  The Alexandria Division's Interest in Deciding this Case .......... 5

        3.  Alexandria Division Citizens' Interest in Deciding this Case ..... 5

        4.  Imposition of Undue Burdon on Richmond Division Jurors ...... 6

        5.  Convenience of Non-Party Non-Expert Witnesses .................... 6

        6.  Securing Live Testimony at a Lower Cost ................................ 7

    E.  Plaintiff's Choice of Forum: The Sole Factor That May Weakly Favor
       Denying the Motion ........................................................................ 8

IV.  CONCLUSION .......................................................................................... 9

TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Aphena Pharma Solutions-Maryland v. BioZone Labs.*,
   912 F. Supp. 2d 309 (D. Md. 2012) ...................................................................8

*Bannister v. Wal-Mart Stores East*,
   843 F. Supp. 2d 610 (E.D.N.C. 2012) ...............................................................8

*Commercial Solvents v. Liberty Mutual Ins.*,
   371 F. Supp. 247 (S.D.N.Y. 1974) ....................................................................5

*Doage v. Board of Regents*,
   950 F. Supp. 258 (N.D. Ill. 1997) .................................................................3, 5

*Frederick v. Advanced Financial Solutions*,
   558 F. Supp. 2d 699 (E.D. Tex. 2007) .......................................................3, 5, 6

*Goggins v. Alliance Capital Mgmt.*,
   279 F. Supp. 2d 228 (S.D.N.Y. 2003) ..........................................................3, 4

*Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1947) ..............................................6

*IHFC Properties v. APA Marketing*,
   850 F. Supp. 2d 604 (M.D.N.C. 2012) ..............................................................5

*In re Eastern Dist. Repetitive Stress Injury Litigation*,
   850 F. Supp. 188 (E.D.N.Y. 1994) .............................................................2, 4, 7

*One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*,
   312 F.Supp.2d 824 (E.D. Va. 2004) ..................................................................3

*Original Ceatine Patent Co. v. Met-Rx USA*,
   387 F. Supp. 2d 564 (E.D. Va. 2005) ............................................................4, 8

*Oriska Ins. v. Power P.E.O.*,
   317 F. Supp. 2d 161 (N.D.N.Y. 2004) ..........................................................3, 4

*Reed v. Fina Oil & Chemical*,
   995 F. Supp. 705 (E.D. Tex. 1998) ...............................................................3, 5

*Stewart Org., Inc. v. Ricon* Corp, 487 U.S. 22, 29 (1988) ................................3

*Terra Intern. V. Mississippi Chem. Corp.*,
   119 F. 3d 688 (8th Cir. 1997) ...........................................................................4

*U.S. Bank Nat. Ass'n v. WMC Mortg.*,
   880 F. Supp.2d 418 (S.D.N.Y. 2012) ...........................................................4, 6

*U.S. United Ocean Services v. Powerhouse Diesel Services*,
   932 F. Supp. 2d 717 (E.D. La. 2013) ...........................................................................................6

**FEDERAL STATUTES**

28 U.S.C. 1391(b)-(d) (2013) ....................................................................................................2, 3

28 U.S.C. 1404(a) (2013)................................................................................................... passim

**OTHER AUTHORITIES**

17 MOORE'S FEDERAL PRACTICE § 111.13 (2013) .........................................................................4

## I.  INTRODUCTION

For some inexplicable reason, plaintiffs have filed this case in the Richmond Division when they reside in the Alexandria Division. By filing in the Richmond Division, they have ignored the interests of the local courts and local citizens in deciding local matters such as this. They would also unduly burden the citizens of the Richmond area by making them serve as jurors in a case wholly unrelated to them. Not only that, but by filing in Richmond they increased the costs for third party witnesses who will now have to spend hours traveling, a timeframe which could have been reduced to minutes, had they filed in the Alexandria Division. This Court should, therefore, exercise its discretion and grant the defendant's motion.

## II.  FACTUAL BACKGROUND

### A.  Parties

Plaintiffs Shirley and Michael Fadden ("Faddens") are husband and wife residing at 5209 Honeysuckle Court, Centreville, Virginia 20120 (the "Property") in Fairfax County. (Panagopoulos Decl. Ex. A.)

Defendant PNC Mortgage ("PNC") is the mortgage subsidiary of PNC Bank, N.A. and holds the deed of trust on the Property. (*Id.*)

Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC, (collectively the "Bureau Defendants") are national credit reporting bureaus. (Panagopoulos Decl. Ex. B at ¶¶ 14-22.)

### B.  Background

The Faddens borrowed $367,000 from PNC's predecessor in interest on July 14, 2003 to purchase the Property. (Panagopoulos Decl. Ex. A at p. 3.) They executed a note to that effect and granted PNC's predecessor in interest a deed of trust on the Property. (*Id.*) In March 2011, the Faddens defaulted on their obligations under the note. Eventually, after foreclosure avoidance

1

discussions broke down, PNC Mortgage foreclosed on the property.

Shortly thereafter, on May 21, 2012, the Faddens sued PNC Mortgage and others in the Fairfax County Circuit Court. (Panagopoulos Decl. Ex. B at ¶ 64; Panagopoulos Decl. Ex C.) After PNC Mortgage agreed to rescind the foreclosure sale, the Faddens voluntarily nonsuited the Fairfax County Circuit Court case. (Panagopoulos Decl. Ex. B at ¶ 71.)

The Faddens have now filed another lawsuit. This time, however, the Faddens inexplicably chose to sue PNC Mortgage and the new Bureau Defendants in federal court in Richmond, far from the Property and far from where key witnesses and information are likely to be located. (Panagopoulos Decl. Ex. B.)

## III.   ARGUMENT

### A.      The Two-Part Test for Section 1404(a) Motions to Transfer

The transfer statute, 28 U.S.C. § 1404(a)[1], imposes a two-part test for determining whether courts should exercise their discretion and transfer a case from one division within a judicial district to another. *In re Eastern Dist. Repetitive Stress Injury Litigation*, 850 F. Supp. 188, 194 (E.D.N.Y. 1994). First, courts determine whether the case "might have been brought" in the division to which the movant requests that the case be transferred ("transferee district"). *Id.* A case "might have been brought" in any division in which venue was proper and in which the court had personal jurisdiction over the defendants. 28 U.S.C. § 1391(b) (2013) (A civil action may be brought in . . . a judicial district in which any defendant resides"). Second, courts look to whether the transfer would be "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. 1404(a) (2013); *In re Eastern*, 850 F. Supp. at 194.

---

[1] Section 1404(a) reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

### B.     This Case "Might Have Been Brought" in Either Division

There can be no real question that the first prong of the test is satisfied. The Faddens "might have brought" this case in either the Richmond or the Alexandria division. The defendants' contacts with the state of Virginia are so pervasive that courts throughout the state can easily obtain personal jurisdiction. Because the defendants are "entities" subject to personal jurisdiction throughout the state, they are considered to be residents of the state (and each district and division within the state) making venue proper anywhere in Virginia. *See* 28 U.S.C. 1391(b)-(d) (2013).

### C.     "For the Convenience of the Parties and Witnesses, in the Interest of Justice."

The real question here is whether transfer would be "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. 1404(a) (2013). Courts consider and balance a number of factors in making this determination.  *Stewart Org., Inc. v. Ricon* Corp, 487 U.S. 22, 29 (1988) ("[a] motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors"); *see also One Beacon Ins. Co. v. JNB Storage Trailer Rental Corp.*, 312 F.Supp.2d 824, 828 (E.D. Va. 2004).

Several factors will be of particular significance in this Court's analysis:

- The location where operative facts took place. *Oriska Ins. v. Power P.E.O.*, 317 F. Supp. 2d 161, 165 (N.D.N.Y. 2004); *Goggins v. Alliance Capital Mgmt.*, 279 F. Supp. 2d 228, 233 (S.D.N.Y. 2003).

- The interests of local courts in deciding local cases. *Doage v. Board of Regents*, 950 F. Supp. 258 (N.D. Ill. 1997).

- The interests of citizens in deciding local matters. *Frederick v. Advanced Financial Solutions*, 558 F. Supp. 2d 699, 706 (E.D. Tex. 2007); *see also Reed v. Fina Oil & Chemical*, 995 F. Supp. 705, 716 (E.D. Tex. 1998).

- Placing the burden of jury duty only on citizens with a connection to the forum. *Frederick*, 558 F. Supp. 2d at 706.

- The convenience of non-party witnesses. *E.g.*, *U.S. Bank Nat. Ass'n v. WMC Mortg.*, 880 F. Supp.2d 418, 422 (S.D.N.Y. 2012).

- Cost savings associated with transfer to the Alexandria division. *In re Eastern*. 850 F. Supp. at 194.

- The plaintiff's initial choice of forum. *Original Ceatine Patent Co. v. Met-Rx USA*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) ("But the weight accorded this choice varies in proportion to the connection between the forum and the cause of action.").

No one factor is dispositive; no one list of factors must be considered. *Terra Intern. V. Mississippi Chem. Corp.*, 119 F. 3d 688, 691 (8th Cir. 1997) ("there is no exhaustive list of specific factors to consider").[2]

## D.     Factors That Weigh in Favor of Transfer

The first five factors listed above collectively and individually weigh in favor of transfer in this case.

### 1.     Operative Facts Took Place in Fairfax County

Because all of the operative facts took place in the Alexandria Division, the case should be heard there. "The location of the operative facts is *a primary factor* in determining § 1404(a) motions to transfer." *Oriska*, 317 F. Supp. 2d at 165; *Goggins*, 279 F. Supp. 2d at 233 (S.D.N.Y. 2003) (emphasis added). In this case, the property is located in Fairfax county within the Alexandria Division (Panagopoulos Decl. Ex. A); the foreclosure at issue took place in Fairfax county within the Alexandria Division (Panagopoulos Decl. Ex. C. at ¶ 59; Ex. A at p. 5.); the prior lawsuit which is closely tied to this action occurred in Fairfax County within the

---

[2] Courts have also considered factors other than the ones listed above. These factors, however, are unlikely to favor either side here. Other factors include: the convenience of the parties (Richmond is equally inconvenient for both parties here); the availability of compulsory process over witnesses (The Richmond Division can as easily subpoena witnesses as the Alexandria Division); and the relative familiarity of the courts with applicable law (Both courts are probably equally familiar with applicable Virginia law).  17 MOORE'S FEDERAL PRACTICE § 111.13 (2013).

Alexandria Division (Panagopoulos Decl. Ex. C.); and the medical providers who treated Mr. Fadden for the alleged "physical injury, including but not limited to: increased stress . . . ." are likely to be located in Fairfax County within the Alexandria Division. (Panagopoulos Decl. Ex. B at ¶ 112.) Thus, this case should be heard there.

### 2.    The Alexandria Division's Interest in Deciding this Case

Because all of the operative facts in this case occurred in Fairfax County, the Alexandria Division has an interest in hearing and deciding the case which also weighs in favor of transferring the case there. "Resolving litigated controversies in their locale is a desirable goal of the federal courts," *Doage v. Board of Regents*, 950 F. Supp. 258 (N.D. Ill. 1997), because "[l]ocal courts have an interest in resolving localized controversies at home," *IHFC Properties v. APA Marketing*, 850 F. Supp. 2d 604, 624 (M.D.N.C. 2012) (holding that because the property that is the subject of the dispute is located in North Carolina the court should not transfer the case to protect the U.S. District Court for the Middle District of North Carolina's interest in resolving local matters locally). The Alexandria Division's interest in deciding this case weighs in favor of transfer.

### 3.    Alexandria Division Citizens' Interest in Deciding this Case

Not only does the Alexandria Division have an important interest, but "[t]he citizens in the District where the alleged wrong took place have a strong interest in correcting that alleged wrong." *Frederick v. Advanced Financial Solutions*, 558 F. Supp. 2d 699, 706 (E.D. Tex. 2007); *see also Reed v. Fina Oil & Chemical*, 995 F. Supp. 705, 716 (E.D. Tex. 1998) ("All of the operative facts seem to have occurred in Hutchinson County, and the citizens of that county would have a strong interest in correcting an alleged wrong in their community. . . . Consequently, this factor weighs in favor of transfer.") (internal citations and quotation marks omitted). This interest also weighs in favor of transfer.

### 4.    Imposition of Undue Burdon on Richmond Division Jurors

The Faddens have requested that this case be tried by a jury of their peers. As the Supreme Court has stated, "Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1947) (*rev'd on other grounds*); *Frederick*, 558 F. Supp. 2d at 706. Because the Richmond Division has no connection to this litigation, jurors within that division should not be burdened with service relating to this case. This they have an interest in seeing this case transferred to the Alexandria division.

### 5.    Convenience of Non-Party Non-Expert Witnesses

Plaintiffs' treating medical physicians, who will be essential to the claims at issue in this case, likely reside in the Alexandria Division. Plaintiffs should not be allowed to unnecessarily inconvenience them by dragging them to Richmond.

Some courts have held that "the convenience of witnesses is the most important factor when considering a motion to transfer." *U.S. Bank Nat. Ass'n v. WMC Mortg.*, 880 F. Supp.2d 418, 422 (S.D.N.Y. 2012). The inconvenience to non-party witnesses is of even greater significance for purposes of the Court's analysis. *U.S. United Ocean Services v. Powerhouse Diesel Services*, 932 F. Supp. 2d 717, 732 (E.D. La. 2013) ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). It is the convenience of non-party witnesses, rather than that of employee witnesses, however, that is the more important factor and is accorded greater weight.") (internal quotation marks and citation omitted).

In Paragraph 112 of the Complaint, the Faddens claim that Mr. Fadden suffered physical harm as a result of the defendant's actions:

Plaintiff's emotional distress has manifested into physical injury,

> including but not limited to: increased stress on Mr. Fadden which
> required treatment from medical professionals including blood
> pressure medication for the first time in his life, sleepless nights
> and headaches for both Plaintiffs, and weight loss. (Panagopoulos
> Decl. Ex. B at ¶ 112.)

The testimony of the plaintiffs' medical providers will therefore be critical in understanding the extent of the plaintiffs' alleged physical injuries. It is not unreasonable to assume that plaintiffs' were treated by providers near their home in the Alexandria Division. Dragging these witnesses to Richmond unnecessarily would be inconvenient and would not serve the interests of justice. Thus, for their convenience, this case should be transferred.

### 6.      Securing Live Testimony at a Lower Cost

Even if these non-party witnesses were willing to travel to Richmond, courts still transfer cases where doing so would reduce the witnesses' travel costs and make it more likely that they will be able to provide live testimony. *In re Eastern*, 850 F. Supp. at 194 ("Even if witnesses were willing to testify, the long-distance travel required could impede trial in this district and would impose substantial expense on witnesses or the parties calling them. Transfer will allow live trials at lesser expense, an important factor in determining whether to transfer a case.")[3] ). By transferring this case to the Alexandria Division this Court could save the witnesses hours of travel time and reduce the overall costs of litigating this case. Thus, this factor also weighs in favor of transfer.

---

[3] Courts have not found the fact that deposition testimony may also be used to reduce costs to be persuasive. *In re Eastern*, 850 F. Supp. at 194 ("Plaintiffs suggest that the problem of securing the appearance of witnesses at trial can be mitigated by use of *de bene esse* depositions at trial. Depositions, however, even when videotaped, are no substitute for live testimony.")

E.    **Plaintiff's Choice of Forum: The Sole Factor That May Weakly Favor Denying the Motion**

Ordinarily, the plaintiffs' choice of forum must be accorded great weight in the § 1404(a) transfer analysis. Not so here for several reasons.

Plaintiffs' choice should be accorded little or no weight where, as here, the chosen forum has little connection to the facts of the case. As one court held, "[o]rdinarily, a plaintiff's choice of forum is entitled to substantial weight. . . . But, when the chosen forum is not the plaintiff's home or has little connection to the events giving rise to the litigation, less weight is given to the plaintiff's choice." *Aphena Pharma Solutions-Maryland v. BioZone Labs.*, 912 F. Supp. 2d 309, 319 (D. Md. 2012).

In the Eastern District of Virginia, the weight given to the plaintiff's choice is proportional to the connection between the case and the forum. *Original Ceatine Patent Co. v. Met-Rx USA*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) ("But the weight accorded this choice varies in proportion to the connection between the forum and the cause of action."); *Bannister v. Wal-Mart Stores East*, 843 F. Supp. 2d 610, 615 (E.D.N.C. 2012) (same). Because plaintiffs' case has no connection to the Richmond Division, their choice should be accorded no weight.

**IV.    CONCLUSION**

The plaintiffs' choice of forum, which at best weakly favors denying the motion, does not outweigh the six other key factors, all of which favor transferring this case to the Alexandria Division. Thus, this Court should grant Defendant PNC Mortgage's Motion to Transfer Venue.

Respectfully submitted,

*/s/* Constantinos G. Panagopoulos
Constantinos G. Panagopoulos
cgp@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC  20006-1157
Telephone: 202.661.2200
Facsimile: 202.661.2299

Date:   January 8, 2014                    *Attorneys for Defendants, PNC Mortgage*

CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of January, 2014 that I filed the foregoing Defendant PNC Mortgage's Brief in Support of its Motion to Transfer Venue using this Court's E-filing system which served a copy on all parties or their counsel of record.

/s/ Constantinos G.Panagopoulos
Constantinos G. Panagopoulos

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

Shirley Fadden, et al.,

                Plaintiffs,

      v.

PNC Mortgage, et al. ,

                Defendants.

Civil Action No. 3:13-cv-00731-REP

**DECLARATION OF**
**<u>CONSTANTINOS G. PANAGOPOULOS</u>**

      I, Constantinos G. Panagopoulos, state and depose the following in support of Defendant PNC Mortgage's Brief in Support of its Motion to Transfer Venue:

      1.      I am over 18 years of age. I have personal knowledge of the matters set forth in this Declaration and, if called as a witness, could testify competently thereto. I am outside counsel for Defendant PNC Mortgage.

      2.      Exhibit A attached hereto is a true and accurate copy of the deed of trust on the property that is the subject of the instant action located in Fairfax County at 5209 Honeysuckle Court, Centreville, Virginia 20120 (the "Property").

      3.      Exhibit B attached hereto is a true and accurate copy of the complaint that the plaintiffs Shirley and Michael Fadden filed in the instant action.

      4.      Exhibit C attached hereto is a true and accurate copy of the complaint that the Faddens filed in Fairfax County Circuit Court. Exhibit A to this declaration was initially submitted to the Fairfax County Circuit Court along with the Faddens' Complaint which is attached to this declaration as Exhibit C. I have attached the two as separate documents for ease

1

of reference throughout Defendant PNC Mortgage's Brief in Support of its Motion to Transfer Venue.

Respectfully submitted,

_/s/_ Constantinos G. Panagopoulos
Constantinos G. Panagopoulos
cgp@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
12th Floor
Washington, DC  20006-1157
Telephone: 202.661.2200
Facsimile: 202.661.2299

Date:   January 8, 2013          *Attorneys for Defendants, PNC Mortgage*